UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON M. MALIK,

    Plaintiff,

                                                                  Civil Action No. 14-CV-11050

vs.                                                     HON. MARK A. GOLDSMITH

KRISTEN BONIN, et al.,

    Defendants.
_____/

**<u>ORDER VACATING SHOW CAUSE ORDER (DKT. 8) and CLOSING CASE</u>**

The matter is presently before the Court on Plaintiff Jason M. Malik's response to the Court's show cause order (Dkt. 9). For the reasons set forth below, the Court concludes that Plaintiff has sufficiently shown cause (i) why he should not be subject to sanctions for his failure to timely pay the filing fee and (ii) why the filing fee should not be imposed against him. In particular, the Court concludes that because Plaintiff is a non-prisoner who voluntarily dismissed his complaint, under Sixth Circuit precedent, the Court is not mandated to assess the filing fee against him.[1] Accordingly, the Court will vacate the show cause order and close the case.

On March 11, 2014, Plaintiff filed his complaint (Dkt. 1) and application to proceed without prepayment of fees or costs (Dkt. 2). On March 14, 2014, the Court entered an order denying the application to proceed without prepayment of fees or costs on the ground that Plaintiff's assertions as to his financial status were, on their face, not credible (Dkt. 4). The order stated, "Plaintiff shall have until April 14, 2014 to pay the necessary fees or costs, or this case will be dismissed." <u>Id.</u> at 2.

---

[1] Therefore, the Court vacates its prior order (Dkt. 7) to the extent it concluded that the Court was required to assess the full amount of the filing fee against Plaintiff.

1

On March 26, 2014, Plaintiff filed a motion for reconsideration of the Court's order, asserting that his failure to list his income on his application was an oversight (Dkt. 5). Two days later, Plaintiff filed a motion for voluntary dismissal without prejudice of the case (Dkt. 6). On April 9, 2014, the Court entered an order granting Plaintiff's motion to dismiss the case without prejudice and denying Plaintiff's motion for reconsideration (Dkt. 7). The order concluded, "The voluntary dismissal of this case does not negate Plaintiff's obligation to pay the filing fee." Order at 2. The order explained that under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, relating to proceedings in forma pauperis, a prisoner's obligation to pay the full filing fee arises at the time a civil complaint is filed, and such obligation is not eliminated by a voluntary dismissal. Order at 2 (citing In re Alea, 286 F.3d 378, 381 (6th Cir. 2002)). The order noted that the provisions of the PLRA have been applied to both prisoner and non-prisoner litigants. The order, therefore, directed Plaintiff to pay the full filing fee on or before April 30, 2014.

Plaintiff did not pay the filing fee, and on May 12, 2014, the Court entered an order for Plaintiff to show cause why he should not be subject to sanctions for his failure to pay the filing fee (Dkt. 8). On May 23, 2014, Plaintiff filed a response to the show cause order (Dkt. 9).[2] In his response, Plaintiff states that he submitted his motion for voluntary dismissal "based on the Court's March 14, 2014 Order, which stated if [Plaintiff] did not pay the filing fee, the case

---

[2] The Court's order directed Plaintiff to file a written show cause response on or before May 21, 2014. Plaintiff's response was not timely filed; it was entered on May 23, 2014. The Court notes that Plaintiff is pro se, and pro se filings are held to a more lenient standard than filings submitted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, even pro se plaintiffs are expected to "adhere to readily comprehended court deadlines of which [they are] well-aware." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). There is no indication that Plaintiff, who is not incarcerated and who is an e-filer, was unable to "proceed in a timely fashion" with his show cause response. Id. However, because Plaintiff exceeded the deadline by only a short period of time, and because Plaintiff has not engaged in a "clear pattern of delay" over the course of this case, see id., the Court will consider Plaintiff's show cause response.

would be dismissed. [Plaintiff], contrary to this Honorable Courts [sic] determination, was unable to pay the filing fee. Therefore [Plaintiff] requested that this Honorable Court dismiss the case Without Prejudice." Show Cause Resp. at 2. Plaintiff argues that the Court's April 9, 2014 order directing Plaintiff to pay the filing fee "was in direct contradiction to the Court's March 14, 2014 Order." Id. at 3. Plaintiff further argues that there is no evidence he has acted in bad faith. Id. at 3-5. Plaintiff contends that there is no indication that the PLRA provisions on which the Court relied in its prior Order apply to non-prisoners such as himself. Id. at 4. Finally, Plaintiff argues that if the Court compels him to pay the filing fee, the case should be reopened. Id. at 5.

The Court first addresses Plaintiff's argument regarding the application of the PLRA provisions to non-prisoners.[3] The PLRA provides, in pertinent part:

>  (a) (1)  Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . . .
>  (b) (1)  Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.

28 U.S.C. § 1915. It is established that § 1915(a)(1) applies, not only to prisoners, but to non-prisoners as well. See Floyd v. United States Postal Service, 105 F.3d 274, 275-276 (6th Cir. 1997) (superseded on other grounds by rule, as recognized in Callihan v. Schneider, 178 F.3d

---

[3] In his response, Plaintiff cites a case referenced by the Court in its prior order, Ives v. Scutt, No. 11-13410, 2011 WL 5838580, at *2 (E.D. Mich. Nov. 21, 2011). Plaintiff argues that this case does not stand for the proposition that the PLRA applies to non-prisoner litigants. Show Cause Resp. at 4. However, Plaintiff misreads the Court's prior order. The case that the Court cited for the language to which Plaintiff points is Brown v. Eppler, 725 F.3d 1221, 1230-1231 (10th Cir. 2013), which states, "28 U.S.C. § 1915(b)(1) provides that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.' This obligation, however, applies to both prisoner and non-prisoner ifp litigants."

800 (6th Cir. 1999) ("Despite the use of the term 'prisoner possesses,' we conclude that a typographical error in the final version of the statute occurred and that Congress actually intended the phrase to be 'person possesses.' . . . nowhere in the legislative history of the PLRA is there a modicum of evidence that Congress intended to prevent indigent non-prisoners from proceeding in forma pauperis in the federal courts."). Therefore, Plaintiff, despite his non-prisoner status, was entitled to seek in forma pauperis status under the PLRA.

Furthermore, it is established that under the PLRA, a prisoner's obligation to pay the full filing fee attaches at the time of filing the complaint, even if the complaint is subsequently voluntarily dismissed. As explained in McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (overruled on other grounds by LaFountain v. Harry, 716 F.3d 944 (6th Cir. 2013) (citations omitted):

> Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility.

The question before the Court is whether the requirement articulated in McGore applies to non-prisoners as well as prisoners, such that a non-prisoner who is denied pauper status must pay the full filing fee, regardless of whether he voluntarily dismisses his complaint. Plaintiff has not pointed to Sixth Circuit cases squarely addressing this point.[4] In addition, as the Court noted in its prior order, cases from other circuits have indicated that non-prisoners proceeding in forma pauperis, like prisoners, are bound to pay the full filing fee. See, e.g., Robbins v. Switzer, 104

---

[4] Nor does the text of the PLRA itself provide useful guidance on this point. As the Sixth Circuit noted, "The [PLRA] contains typographical errors; creates conflicts with the Rules of Appellate Procedure; and is internally inconsistent." McGore, 114 F.3d at 603 (citations omitted). The alternating use of "person" and "prisoner" in the provisions of section 1915 renders the text less than a model of clarity as to which clauses in this section apply only to prisoners, and which clauses apply to both prisoner and non-prisoner litigants.

F.3d 895, 898 (7th Cir. 1997) ("Section 1915(b)(1) says that prisoners are liable for the full fees, but so is every other person who proceeds in forma pauperis; all § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." (citations omitted) (emphasis in original)). However, upon a close review of Sixth Circuit cases applying these PLRA provisions, the Court concludes that the procedure set forth by the Sixth Circuit for applying the in forma pauperis provisions of the PLRA does not mandate assessing the filing fee against a non-prisoner litigant who voluntarily dismisses his complaint after having been denied pauper status.

In McGore, 114 F.3d at 605, the court concluded that if a prisoner litigant fails to provide an affidavit of indigency or to pay the filing fee, "the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution." However, if the litigant is a non-prisoner who fails to provide an affidavit of indigency or pay the filing fee, "the district court must presume that the individual is not a pauper and dismiss the case for want of prosecution." Id. at 609. Notably, the court does not mandate that a district court assess the full amount of fees against a non-prisoner. Further, in Floyd, 105 F.3d at 278, the court stated, "As the [PLRA] does not make the payment of the filing fee for an appeal mandatory for non-prisoners, see § 1915(b)(1), we conclude that if the appeal is dismissed for want of prosecution, the non-prisoner will not be assessed the filing fee." Although the Floyd court was considering the issue of pauper status on appeal, its reasoning is analogous to this case: because the text of section 1915(b)(1) refers only to prisoners, there is no requirement that a non-prisoner, non-pauper litigant whose case is dismissed must be assessed the filing fee amount.

In this case, Plaintiff was denied leave to proceed without prepayment of fees or costs

5

and afforded thirty days to submit the full filing fee; rather than submit the filing fee, Plaintiff moved to voluntarily dismiss the case. Had Plaintiff not sought to dismiss the case, and instead simply failed to pay the filing fee, the appropriate action under McGore and Floyd would have been dismissal for want of prosecution. Because the Court would not have been required to assess the full filing fee against Plaintiff upon involuntary dismissal of the case, the Court concludes that it is not required to assess the full filing fee against Plaintiff upon the voluntary dismissal of the case.

Plaintiff also argues that in seeking to dismiss the case, Plaintiff relied on the Court's March 14, 2014 order, which stated in part, "Plaintiff shall have until April 14, 2014 to pay the necessary fees or costs, or this case will be dismissed." Plaintiff seems to have assumed that under the Court's order, dismissal of the case would excuse payment of the filing fee, despite the fact that the order does not expressly state that. Regardless, the Court concludes that because of Plaintiff's pro se status, his interpretation of the order is not unreasonable.

For the above reasons, the Court concludes that Plaintiff has sufficiently shown cause why he should not be sanctioned for failure to timely pay the filing fee, and has also shown cause why the filing fee should not be imposed against him. Accordingly, the Court will not require Plaintiff to pay the filing fee. For these reasons, the Court vacates the show cause order and closes the case.

SO ORDERED.

Dated: July 24, 2014            s/Mark A. Goldsmith
    Flint, Michigan            MARK A. GOLDSMITH
                                               United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2014.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager